**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*[Proposed] Lead Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PICARD MEDICAL, INC.; PATRICK NJ SCHNEGELSBERG; BERNARD SKAGGS; MATT SCHUSTER; YUNCAI "RICHARD" FANG; CHRIS HSIEH; WESTPARK CAPITAL, INC.; SENTINEL BROKERS COMPANY, INC.; R.F. LAFFERTY & CO. INC.; AMERICAN TRUST INVESTMENTS; and MALONEBAILEY, LLP,<br><br>Defendants. | Case No. 3:26-cv-01024-RFL<br><br>**OPPOSITION OF ROGER WIEGLEY AND SOBHY ABDELHADY TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>Judge: Rita F. Lin<br>Hearing: May 19, 2026<br>Time: 10:00 a.m.<br>Courtroom: 15 – 18th Floor (San Francisco) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
<u>**COMPETING LEAD PLAINTIFF MOTIONS**</u>

Movants Roger Wiegley and Sobhy Abdelhady ("Movants") respectfully submit this Memorandum of Law in Opposition to competing lead plaintiff motions.

Movants timely filed the lead plaintiff motion pursuant to the corrected early notice. Furthermore, no movant claims a larger financial interest than Movants. The claimed financial interests are listed below:

| 1. Movants | $598,224.37 | Dkt. Nos. 17 at 6; 18-3. |
|---|---|---|
| 1a. Roger Wiegley | $340,243.72 | Dkt. No. 18-3 |
| 1b. Sobhy Abdelhady | $257,980.65 | Dkt. No. 18-3 |
| 2. Julianne Louie | $189,825 | Dkt. Nos. 21-1 at 4; 22-3. |
| 3. Praneeth Galipalli | $134,614.98 | Dkt. Nos. 13 at 5; 14-3. |
| 4. Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC | $121,904.00 | Dkt. Nos. 7 at 1, 5; 7-3. |

## ARGUMENT

### I.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Movants are the presumptive lead plaintiffs and the Court should grant Movants' motion.

### a.   Movants Timely Filed Their Lead Plaintiff Motion

As a preliminary matter, Movants timely filed their lead plaintiff motion. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), an early notice must be published not later than 20 days after the initial complaint was filed. 15 U.S.C. § 78u-4(a)(3)(A)(i).

2

Additionally, the notice must advise class members that, *inter alia*, they may move the court for lead plaintiff appointment "not later than 60 days after the date on which the notice is published". *Id.*

The initial complaint in this case was filed on February 2, 2026. While the filing plaintiff issued an early notice on February 3, 2026, it erroneously stated that the lead plaintiff motion was due on April 3, 2026. This was incorrect, as 60 days after February 3, 2026 would have been April 6, 2026. The February 3, 2026 early notice did not otherwise inform class members that the deadline for lead plaintiff motions was 60 days after the early notice was published. Where an early notice fails to inform class members of the 60-day deadline as required by the PSLRA, courts find that the early notice is defective and does not establish a proper lead plaintiff deadline. *See*, *Atkinson v. Morgan Asset Management, Inc.*, 2008 WL 11319683, at *9, 12 (W.D. Tenn. Sep. 23, 2008) (holding that an early notice that failed to inform class members "that they had sixty days from the date of the notice to apply to be lead plaintiff" was defective, may have prejudiced class members, and "taints the lead plaintiff applicants"); *see also*, *Janovici v. DVI, Inc.*, 2003 WL 22849604, at *6 (E.D. Pa. Nov. 25, 2003) (where multiple early notices were published with an incorrect lead plaintiff deadline before an early notice with the correct lead plaintiff deadline, the later published lead plaintiff deadline was correct).

On February 10, 2026 – still within the statutorily mandated 20-day period to publish an early notice – the filing plaintiff published a second early notice correcting and replacing the prior early notice. The February 10, 2026 early notice informed class members that the lead plaintiff deadline was April 13, 2026, not April 3, 2026. Because the February 3, 2026 early notice was defective, the lead plaintiff deadline in the February 10, 2026 early notice is correct.

As such, Movants timely filed their motion in response to the early notice with the correct lead plaintiff deadline.

     **b. Movants Have the Largest Financial Interest and Satisfy the Requirements of Fed. R. Civ. P. Rule 23**

Movants have triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movants have the largest losses of any movants before the Court. Therefore, Movants have the largest financial interest.

Movants collectively lost $598,224.37. Dkt. Nos. 17 at 6; 18-3. This is more than three times the loss of Julianne Louie, the movant with the next greatest loss. Indeed, even individually, both Roger Wiegley and Sobhy Abdelhady have losses larger than any of the other movants. Furthermore, as established in their opening papers, Movants have a pre-existing relationship and therefore are a permissible group. Dkt. Nos. 17 at 7; 18-4, ¶11.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Movants allege that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about Picard's business. Movants purchased Picard stock at artificially inflated prices and were damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movants satisfy the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Movants have demonstrated their adequacy as class representatives by submitting a sworn certification affirming their willingness to serve as, and carry out the responsibilities of, class representatives. Movants' backgrounds further support their adequacy. Movant Roger Wiegley lives in New York. Movant Wiegley works as an attorney. Movant Wiegley has a juris doctor. Movant Wiegley has been investing for approximately 30 years.

OPPOSITION OF ROGER WIEGLEY AND SOBHY ABDELHADY TO COMPETING LEAD PLAINTIFF MOTIONS – 3:26-cv-01024-RFL

Movant Sobhy Abdelhady lives in New Jersey. Movant Abdelhady works in the hospitality industry. Movant Abdelhady has a bachelor of arts degree. Movant Abdelhady has been investing for approximately 20 years. (Dkt. Nos. 17 at 7; 18-4). Based on their financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Movants have triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). Because competing movants can offer no proof to rebut the presumption in favor of Movants, the Court should grant Movants' motion in its entirety and deny the competing Lead Plaintiff Motions.

## III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Movants selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in the opening papers (Dkt. No. 17 at 8), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Movants' selection of Rosen Law as Lead Counsel.

## IV.    COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movants have the greatest financial interest in the litigation and should therefore be appointed lead plaintiffs without further analyses.

In no way are Movants conceding or acknowledging that the competing movants are adequate or that their claims are typical within the meaning of Rule 23. Movants reserve their right to address the competing movants' adequacy or typicality, should the Court reach those motions through the iterative process under *Cavanaugh*.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Lead Plaintiffs of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motions.

Dated: April 17, 2026.                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*[Proposed] Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel for Movants and the Class*

6

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 17, 2026 I electronically filed the following **OPPOSITION OF ROGER WIEGLEY AND SOBHY ABDELHADY TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on April 17, 2026.

*/s/Laurence M. Rosen*
Laurence M. Rosen

OPPOSITION OF ROGER WIEGLEY AND SOBHY ABDELHADY TO COMPETING LEAD PLAINTIFF
MOTIONS – 3:26-cv-01024-RFL