Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY WOLKE & ROTTER LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Praneeth Galipalli and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA LOUIE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      v.<br><br>PICARD MEDICAL, INC., PATRICK NJ SCHNEGELSBERG, BERNARD SKAGGS, MATT SCHUSTER, YANCAI "RICHARD" FANG, CHRIS HSIEH, WESTPARK CAPITAL, INC., SENTINEL BROKERS COMPANY, INC., R.F. LAFFERTY & CO. INC., AMERICAN TRUST INVESTMENTS, MALONEBAILEY, LLP,<br><br>        Defendants. | Case No. 3:26-cv-01024-RFL<br><br>**PRANEETH GALIPALLI'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF SUDHIR MOGALLAPU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br><br>Date:    May 19, 2026<br>Time:   10:00 a.m.<br>Crtrm.: 15 – 18th Floor<br>Judge:  Rita F. Lin |

GALIPALLI'S OPPOSITION TO THE MOTION OF MOGALLAPU
Case No. 3:26-cv-01024-RFL

Lead Plaintiff Movant Praneeth Galipalli ("Galipalli") submits this memorandum of law in opposition to the motion of Sudhir Mogallapu ("Mogallapu") for appointment as lead plaintiff and approval of counsel (Dkt. No. 7). Galipalli should be appointed as lead plaintiff and his selection of counsel should be approved because he has the largest financial interest of the *bona fide* movants, and he and his counsel are adequate to represent the class.

## I.    INTRODUCTION

Galipalli and Mogallapu filed motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").[1]

The PSLRA directs the Court to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Galipalli has the largest financial interest in the relief sought by the class. Galipalli retained 34,130 shares, and suffered a last in, first out ("LIFO") loss of $134,614.98. *See* Dkt. No. 14-3. As such, Galipalli is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Galipalli is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Galipalli should be appointed as lead plaintiff, and his selection of lead counsel should be approved.

---

[1] Two other lead plaintiff motions were filed on April 13, 2026, after the April 6, 2026 statutory deadline. *See* Dkt. Nos. 17, 21. Galipalli intends to file an opposition to these additional motions on April 27, 2026, the due date under this District's Local Rules.

GALIPALLI'S OPPOSITION TO THE MOTION OF MOGALLAPU
Case No. 3:26-cv-01024-RFL                                                          1

## II.    ARGUMENT

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.    Galipalli Is the Presumptively Most Adequate Plaintiff Because He Has the Largest Financial Interest

Galipalli satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Galipalli filed a motion for appointment as lead plaintiff by the April 6, 2026, PSLRA deadline. *See* Dkt. No. 13; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Galipalli satisfies the requirements of Rule 23, as demonstrated in Galipalli's memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 13 at 7-8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Galipalli has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. District courts, however, commonly rely on the four-factor *Olsten-Lax* test, which

considers: (1) total shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). To calculate losses suffered, the "weight of authority" dictates that the last-in-first-out (or "LIFO") methodology is most appropriate. *See Hewlett Packard*, 2013 WL 792642, at *4; *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (same).

Here, Galipalli has the largest financial interest as measured by every *Olsten-Lax* factor, as illustrated in the following chart:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Galipalli | 38,900 | 34,130 | $211,788.60 | $134,614.98 |
| Mogallapu | 14,830 | 12,750 | $150,532.00 | $121,702.13 |

Accordingly, Galipalli has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Since Galipalli also satisfies the requirements of Rule 23, Galipalli is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.    The Presumption that Galipalli Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Galipalli would be inadequate or subject to unique defenses. Moreover, Galipalli is not aware of any possible basis for such a contention. In fact, Galipalli is more than adequate as he is a Salesforce Architect and a Technical Project Manager who has been managing his investments for fifteen years. *See* Dkt. No. 13 at 8. He also has a Bachelor's of Technology in Computer Science and Engineering, an MBA in Financial Accounting, an MBA in Marketing and Management Information Systems, and a Master's of Science in Project Management from Missouri State University. As such, Galipalli should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306

F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

### D. Galipalli's Choice of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 733 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class.").

Here, Galipalli has selected Glancy Prongay Wolke & Rotter LLP to be lead counsel. The firm has the resources and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 14-4 (firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Galipalli's selection of counsel, the Court can be assured that the class will receive the highest caliber of legal representation. Accordingly, Galipalli's selection of lead counsel for the class should be approved.

## III. CONCLUSION

For the foregoing reasons, Galipalli requests that the Court enter an Order: (1) appointing Praneeth Galipalli as Lead Plaintiff; (2) approving Galipalli's selection of Glancy Prongay Wolke & Rotter LLP as Lead Counsel for the class; and (3) denying the motion of Mogallapu.

DATED:  April 17, 2026                    Respectfully submitted,

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Praneeth Galipalli and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On April 17, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2026, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan

GALIPALLI'S OPPOSITION TO THE MOTION OF MOGALLAPU
Case No. 3:26-cv-01024-RFL