Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Lead Plaintiff Movant Sudhir*
*Mogallapu, individually and on behalf of*
*SUM Consulting, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNE LOUIE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PICARD MEDICAL, INC.; PATRICK NJ SCHNEGELSBERG; BERNARD SKAGGS; MATT SCHUSTER; YUNCAI "RICHARD" FANG; CHRIS HSIEH; WESTPARK CAPITAL, INC.; SENTINEL BROKERS COMPANY, INC.; R.F. LAFFERTY & CO. INC.; AMERICAN TRUST INVESTMENTS; MALONEBAILEY, LLP,<br><br>　　　　Defendants. | Case No.: 3:26-cv-01024-RFL<br><br>**SUDHIR MOGALLAPU'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:　　　　May 19, 2026<br>Time:　　　　10:00 a.m.<br>Courtroom:　15-18th Floor<br>Judge:　　　Hon. Rita F. Lin |

## I.    PRELIMINARY STATEMENT

The court must appoint a lead plaintiff in every class action case under the Securities Exchange Act of 1934. The process for making that appointment is set by statute. It begins with a notice informing all members of the purported class that they have 60 days to file a motion requesting appointment as the lead plaintiff. 15 U.S.C. §78u-4(a)(3). This is a strict deadline and, once that deadline has passed, the Court must consider each movant's suitability to serve as the lead plaintiff. Movant Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC ("Mogallapu") is the only shareholder who timely moved for lead plaintiff and that still seeks to serve as lead plaintiff. For that reason, the Court should grant Mogallapu's motion.

By way of background, shareholder Julianne Louie ("Louie") commenced this class action on February 2, 2026. The following day, Louie's counsel filed the statutorily required notice alerting other shareholders of the class action and their respective rights to move for lead plaintiff within 60 days. Dkt. No. 7-4. The 60-day deadline expired on April 4, 2026. Mogallapu filed his lead plaintiff motion on April 3, 2026. Dkt. No. 7. On April 6, 2026, movant Praneeth Galipalli filed their lead plaintiff motion. Dkt. No. 13. On April 13, 2026, two more motions were filed by Roger Wiegley, Sobhy Abdelhady, and Louie. Dkt. Nos. 18 and 21. Mogallapu is the only movant who filed a motion in accordance with the statutory deadline that still remains interested in serving as the lead plaintiff in this action. For that reason, and that reason alone, Mogallapu's motion should be granted.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange

Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

**B.     Mogallapu is the Only Movant Who Timely Filed a Motion for Lead Plaintiff.**

The Exchange Act, as modified by the PSLRA, sets forth the process and procedure for appointing the lead plaintiff in a securities fraud class action lawsuit. 15 U.S.C. §78u-4(a)(3). In every class action, the plaintiff or plaintiffs commencing the action must file a notice alerting other members of the purported class of the action and their right to serve as the lead plaintiff. The statute reads, in pertinent part, as follows:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class— (I) of the pendency of the

action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i). Critically, all shareholders interested in filing a motion for lead plaintiff *must* do so not later than 60 days after the notice. This action was commenced on February 2, 2026. Dkt. No. 1. The following day, the shareholder plaintiff who filed the motion (Louie) issued a notice advising other members of the purported class that they had 60 days to file a motion for lead plaintiff (or until April 4, 2026). Dkt. No. 7-4. Mogallapu is the only movant to file his lead plaintiff motion on April 3, 2026, before the statutory deadline. Dkt. No. 7.

**C.    The Court Should Deny the Competing Motions as Untimely.**

The Court should not overlook the disqualifying fact that all competing movants other than Mogallapu filed their motions after the statutory 60-day deadline. The lead plaintiff deadline is not discretionary, as evidenced by courts around the country. *See, e.g., Nasin v. Hongli Clean Energy Techs. Corp.,* No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *9 (D.N.J. Nov. 21, 2017) ("Absent the required language in its initial certification and the amended certifications being filed after the 60-day deadline, the [movants'] deficient certifications will subject it to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff."); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.,* Civil Action No. 4:17-CV-00449, 2017 U.S. Dist. LEXIS 140268, at *13 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re Able Labs. Sec. Litig.,* 425 F. Supp. 2d 562, 565 (D.N.J. 2006) (denying to consider certification filed after the PSLRA deadline as the "[t]he sixty-day limit is mandatory."); *Ferrari v. Gisch*, 225 F.R.D. 599, 603–04 (C.D. Cal. 2004) (same); *In re Telxon Corp. Sec. Litig.*, 67 F.Supp.2d 803, 818 (N.D. Ohio 1999) ("The plain language of the statute precludes consideration of a financial

loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed."); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999) (plaintiff was ineligible because he "never filed a complaint himself or moved for appointment within the time that the PSLRA requires of those who hope to become the Lead Plaintiff"). The PSLRA provides interested class members 60 days to file their motions for lead plaintiff. There is no requirement that any movant wait until the last possible minute to file their motion. Having decided to do so, competing movants assumed the risk that ultimately caused them to miss the statutory deadline.[1]

**D.    Mogallapu Is the "Most Adequate" Lead Plaintiff.**

**1.    *Mogallapu Possesses the "Largest Financial Interest."***

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mogallapu is entitled to that presumption because, as the only movant who timely filed his motion, he sustained the greatest loss. Mogallapu lost $121,904.00 on his Picard Medical, Inc. ("Picard") investment.

**2.    *Mogallapu Satisfies Rule 23's Typicality and Adequacy Requirements.***

Not only does Mogallapu possess the largest financial interest of all movants pursuant to the

---

[1] Rule 6(a)(4) provides that "[u]nless a different time is set by . . . court order, the last day ends: (A) for electronic filing, at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4). Even if the deadline was extended to the following business day, April 6, 2026, Mogallapu is still the only lead plaintiff movant to file a timely motion. Movant Praneeth Galipalli filed their motion after this court's 5pm deadline. Judge Rita F. Lin's Standing Order for Civil Cases clearly states, "All filing deadlines are at 5:00 p.m. (Pacific Time) unless otherwise ordered." The motion filed by Praneeth Galipalli should be considered untimely. *See Longo v. OSI Sys.*, No. LA 17-cv-08841 VAP (SKx), 2018 U.S. Dist. LEXIS 224948, at *12 (C.D. Cal. Mar. 1, 2018) ("This Court established a deadline of 4:00 p.m. for filing electronic motions [...] Therefore, in order to be considered timely-filed, a motion in response to the early notice should have been filed on Monday, February 5, 2018 by 4:00 p.m. PT.").

PSLRA, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599, 606 (internal quotations removed). Mogallapu's claims are typical of those of other Class members because, like other Class members, he acquired Picard securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mogallapu's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mogallapu must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mogallapu has no conflicts with other Class Members, nor is there evidence of any antagonism between Mogallapu's interest and those of the Class.

Finally, Mogallapu has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mogallapu provided his investing experience, employment, and education. *See* Dkt. No. 7-5. Mogallapu resides in St. Louis, Missouri, and possesses a master's degree in chemical engineering. *Id*. He is currently self-employed through his company, SUM Consulting LLC. *Id*. He has been investing in securities for twenty-five years. *Id*. Further, in his certification and declaration, Mogallapu states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* Dkt. Nos. 7-2; 7-5 (PSLRA Certification & Mogallapu's Declaration).

Mogallapu, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mogallapu is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**E.       No Movant Can Rebut the Strong Presumption in Favor of Appointing Mogallapu as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the action, and sufficiently making a *prima facie* showing of typicality and adequacy, Mogallapu has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mogallapu, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mogallapu's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mogallapu "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mogallapu is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense).

**III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL**

This Court should approve Mogallapu's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-

4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* Dkt. No. 7-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV.    CONCLUSION

For the foregoing reasons, Mogallapu respectfully requests that this Court: (1) appoint Mogallapu as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 17, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC, and Proposed Lead Counsel for the Class*