Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Lead Plaintiff Movant Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNE LOUIE, | Case No.: 3:26-cv-01024-RFL |
| Plaintiff, | **SUDHIR MOGALLAPU'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |
| v. | |
| PICARD MEDICAL, INC.; PATRICK NJ SCHNEGELSBERG; BERNARD SKAGGS; MATT SCHUSTER; YUNCAI "RICHARD" FANG; CHRIS HSIEH; WESTPARK CAPITAL, INC.; SENTINEL BROKERS COMPANY, INC.; R.F. LAFFERTY & CO. INC.; AMERICAN TRUST INVESTMENTS; MALONEBAILEY, LLP, | Date:         May 19, 2026<br>Time:         10:00 a.m.<br>Courtroom: 15-18th Floor<br>Judge:        Hon. Rita F. Lin |
| Defendants. | |

## I.    PRELIMINARY STATEMENT

There are currently four lead plaintiff motions pending before this court:  1) Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC ("Mogallapu"); 2) Julianne Louie; 3) Praneeth Galipalli; and 4) Roger Wiegley and Sobhy Abdelhady. Only one of these movants satisfies both the financial interest **and** Rule 23 prongs of the PSLRA: Mogallapu. Indeed, by failing to substantively oppose Mogallapu's motion, the remaining movants effectively conceded that he is typical and adequate, and is thus not subject to any unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii). By contrast, the remaining competing movants cannot trigger the PSLRA's most adequate plaintiff presumption and their motions should be denied. Mogallapu's motion should be granted.

## II.    ARGUMENT

### A.    The Remaining Movants Effectively Concede That Mogallapu is Adequate and Typical.

The remaining movants' opposition briefs made no "argument against [Mogallapu] other than pointing out [his] relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.,* No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr. 4, 2008) (appointing movant that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see generally* Dkt Nos. 28 and 29 (failing to make any arguments against Mogallapu's typicality and adequacy).

Importantly, the Court's Local Civil Rules and Judge Rita F. Lin's standing order required all lead plaintiff movants to file their oppositions by 5:00 p.m. (Pacific Time) on  April 17, 2026. *See* Civil L.R. 7-3(a) and Judge Rita F. Lin's Standing Order for Civil Cases. Here, none of the remaining movants opposed Mogallapu's motion by arguing that he was unable to meet the Rule 23 requirements. Nor could they, as Mogallapu is entirely typical and adequate – precisely the type of diligent and experienced investor the PSLRA envisioned would serve as lead plaintiff. *See* Dkt No. 7-5. And any

argument against Mogallapu's adequacy and typicality for the first time on reply would be improper as the remaining movants waived any such contentions. *See, e.g., Arik v. Astrue,* No. C 08-5564 SBA, 2010 LEXIS 38729, at *9 (N.D. Cal. June 21, 2010) (holding that party waived argument by failing to raise it in opposition brief). Accordingly, Mogallapu is the only candidate that satisfies all of the PSLRA's requirements and his motion should be granted.

> **B.    The Remaining Movants Cannot Trigger the Most Adequate Plaintiff Presumption.**

As discussed in Mogallapu's opposition, and as further outlined below, the remaining movants should not be considered for the lead plaintiff position because they did not timely abide by the 60-day statutory deadline. *See generally* Dkt No. 30. The competing movants' indifference to the PSLRA's filing requirements demonstrates a lack of diligence and a finding of inadequacy. *See, e.g., Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) (finding a complaint filed after the deadline would "effectively render the strict timeliness set forth in the PSLRA meaningless, and would nullify Congress's attempt to expedite the lead plaintiff appointment process." (internal quotation marks omitted)); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 565–66 (D.N.J. 2006) ("[t]he plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed." (q*uoting In re Telxon Corp., Sec. Litig.*, 67 F.Supp.2d 803, 818 (N.D. Ohio 1999)); *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (same); *Nasin v. Hongli Clean Energy Techs. Corp.,* No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *9 (D.N.J. Nov. 21, 2017) ("Absent the required language in its initial certification and the amended certifications being filed after the 60-day deadline, the [movants'] deficient certifications will subject it to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff."); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.,* Civil Action No. 4:17-CV-00449, 2017

U.S. Dist. LEXIS 140268, at *13 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."). Departing from the statutory requirements would set a dangerous precedent in this and other districts. A decision in favor of the competing movants on this point would sanction future gamesmanship for untimely movants.

### III.    CONCLUSION

For the foregoing reasons, Mogallapu is the only movant that satisfies the PSLRA's lead plaintiff requirements and his motion is substantively unopposed. By contrast, the remaining movants cannot trigger the PSLRA's most adequate plaintiff presumption because they failed to comply with the statutory deadline. Accordingly, each competing motion should be denied.

Dated: April 24, 2026                               Respectfully submitted,

                                                    **LEVI & KORSINSKY, LLP**


                                                    */s/ Adam M. Apton*
                                                    Adam M. Apton (SBN 316506)
                                                    1160 Battery Street East, Suite 100
                                                    San Francisco, CA 94111
                                                    Tel: (415) 373-1671
                                                    Email: aapton@zlk.com

                                                    *Attorneys for Sudhir Mogallapu, individually and on behalf of SUM Consulting, LLC, and Proposed Lead Counsel for the Class*