Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY WOLKE & ROTTER LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Praneeth Galipalli and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA LOUIE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PICARD MEDICAL, INC., PATRICK NJ SCHNEGELSBERG, BERNARD SKAGGS, MATT SCHUSTER, YANCAI "RICHARD" FANG, CHRIS HSIEH, WESTPARK CAPITAL, INC., SENTINEL BROKERS COMPANY, INC., R.F. LAFFERTY & CO. INC., AMERICAN TRUST INVESTMENTS, MALONEBAILEY, LLP, <br><br> Defendants. | Case No. 3:26-cv-01024-RFL <br><br> **PRANEETH GALIPALLI'S OMNIBUS RESPONSE TO COMPETING LEAD PLAINTIFF MOVANTS** <br><br> Date:    May 19, 2026 <br> Time:    10:00 a.m. <br> Crtrm.:  15 – 18th Floor <br> Judge:   Rita F. Lin |

Galipalli should be appointed as lead plaintiff and his selection of counsel should be approved because he has the largest financial interest of the movants that filed timely lead plaintiff motions, and he and his counsel are adequate to represent the class.[1] Notably, Plaintiff Julianne Louie ("Louie") did not file a timely opposition to Galipalli's lead plaintiff motion (which was due on April 20, 2026), and instead filed a notice of non-opposition to Galipalli's motion. *See* Dkt. No. 34. As such, Louie has waived any opposition to Galipalli's appointment as lead plaintiff. Only Mogallapu and the Wiegley/Abdelhady Group oppose Galipalli's appointment.

## I. GALIPALLI IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF BECAUSE ONLY GALIPALLI SATISFIES ALL THREE PSLRA CRITERIA

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the Court to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the movant that:

(aa) has either filed the complaint or made a motion in response to a [PSLRA] notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, as explained below, Galipalli is the only movant that satisfies all three of the PSLRA requirements—and is therefore the presumptively most adequate plaintiff to be appointed as lead plaintiff.

### A. Galipalli Filed A Timely Motion Under The PSLRA

The PSLRA mandates that lead plaintiff motions in this action were due on April 6, 2026. All movants agree that the notice of this action was published by the Plaintiff on February 3, 2026. *See* Dkt. No. 7-4 (notice published by counsel for Plaintiff Louie, dated February 3, 2026); Dkt. No.

---

[1] Lead Plaintiff Movant Praneeth Galipalli ("Galipalli") submits this omnibus memorandum of law in reply to the oppositions to his lead plaintiff motion filed by Sudhir Mogallapu ("Mogallapu") (Dkt. No. 30, "Mogallapu Opp.") and Roger Wiegley and Sobhy Abdelhady (the "Wiegley/Abdelhady Group") (Dkt. No. 28, "W/A Opp."), and in opposition to the lead plaintiff motions of Julianne Louie (Dkt. No. 21, "Louie Mot."), and the Wiegley/Abdelhady Group (Dkt. No. 17, "W/A Mot.").

7 at 9 (Mogallapu's motion, stating "[o]n February 3, 2026, counsel in [this] action caused a notice . . . to be published"); W/A Opp. at 3 ("plaintiff issued an early notice on February 3, 2026"). Lead plaintiff motions are due 60 days after the notice is published. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Since 60 days from February 3, 2026 is April 4, 2026, a Saturday, the deadline falls on Monday, April 6, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C) ("Rule 6(a)(1)(C)") ("if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

The PSLRA is a federal statute, which sets a strict 60-day deadline that cannot be disregarded. *See Armstrong v. Med. Props. Tr., Inc.*, 2024 WL 3784445, at *2 (S.D.N.Y. Aug. 13, 2024) ("Courts strictly adhere to the sixty-day rule, and any motion filed after the sixty-day period will not be considered except under rare circumstances."); *see also* Mogallapu Opp. at 3-4 (collecting cases).

The 60-day deadline runs from the initial notice, even where the initial notice is deficient and subsequently corrected. *See Armstrong*, 24 WL 3784445, at *4 (finding the notice, which failed to state the class period, "satisf[ies] the PSLRA requirements" where it was "published on the same day of the filing of the complaint and corrected four days later"); *see also Mastrella v. WCI Communities, Inc.*, 2008 WL 11331712, at *2 (S.D. Fla. May 28, 2008) (holding "notice [which] misstated the time in which potential class members were required to move the court for appointment as lead plaintiff" was a "*de minimis* deviation from the statutory requirements," noting that a "slight mistake in notice's calculation of lead-plaintiff deadline" may still be "compliant with PSLRA requirements") (citation omitted).

Only Galipalli and Mogallapu filed their motions by the April 6, 2026, PSLRA deadline. As such, only their motions should be considered. The Wiegley/Abdelhady Group and Louie filed their motions on April 13, 2026, and should therefore be disregarded.

Moreover, the Wiegley/Abdelhady Group's decision to wait until April 13, 2026 to file their motion appears to be the product of gamesmanship rather than a good-faith reliance on a purported April 13, 2026 deadline. The Wiegley/Abdelhady Group had signed their PSLRA certifications by April 3, 2026, three days before motions were due under the PSLRA. *See* Dkt. No. 18-2. Moreover,

counsel for the Wiegley/Abdelhady Group knew that the notice in this action was published on February 3, 2026. *See* W/A Opp. at 3 (admitting "plaintiff issued an early notice on February 3, 2026"). It appears that counsel for the Wiegley/Abdelhady Group waited to submit their lead plaintiff motion in order to gain information regarding the movants that filed by April 6, 2026, so that the Wiegley/Abdelhady Group could adjust their submission in response, if necessary. The late submission has also delayed this litigation. *See* Dkt No. 25 (Clerk's Notice, rescheduling the hearings on the timely filed motions to the date of the later filed motions).

This is exactly the type of behavior that courts seek to avoid by throwing out late submissions. *See Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *4 (C.D. Cal. Sept. 29, 2017) (recognizing that there are "two main concerns" motivating courts that throw out late submissions: (1) that "unscrupulous litigants" would "be permitted to manipulate their financial loss calculation after reviewing timely-filed motions" and (2) that "late filings [would] cause significant delays in the litigation"). The Wiegley/Abdelhady Group's gamesmanship should not be rewarded, and their late motion should be rejected.

Moreover, even if the Court were to consider the Wiegley/Abdelhady Group and Louie's late motions, only Galipalli and Mogallapu's motions satisfy the PSLRA requirement to establish the most adequate plaintiff presumption since only Galipalli and Mogallapu timely "made a motion in response to a [PSLRA] notice." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As such, Galipalli satisfies the first requirement to establish the presumption that he is the most adequate plaintiff.

**B.    Mogallapu's Arguments That Galipalli's Motion Is Untimely Should Be Rejected**

Mogallapu incorrectly argues that the lead plaintiff motion deadline was April 4, 2026. *See* Mogallapu Opp. at 3 (arguing that since 60 days from publication of the notice was "April 4, 2026" that only Mogallapu who filed his motion on April 3, 2026 "file[d] his lead plaintiff motion . . . before the statutory deadline"). Mogallapu errs because he fails to apply Rule 6(a)(1)(C), which mandates that if a deadline lands on a weekend, the deadline rolls over to the next weekday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). April 4, 2026 is a Saturday, so the deadline falls on April 6, 2026, which is the following Monday. *See Mattel*, 2017 WL 10667732, at *3 (applying Rule 6(a)(1)(C) to the PSLRA lead plaintiff motion deadline). Galipalli timely filed his motion on April 6, 2026.

Mogallapu further argues in a footnote that, even if the deadline is April 6, 2026, Galipalli's motion is still untimely because "Galipalli filed their motion after this [C]ourt's 5pm deadline." *See* Mogallapu Opp. at 4 n.1 (citing this Court's Standing Order). However, the Court's Standing Order does not alter the statutory PSLRA deadline. *See Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *4 (C.D. Cal. June 11, 2020) ("[T]he Court notes that the 4:00 p.m. deadline is a product of this Court's Standing Order rather than statutory prescription; the PSLRA merely requires that motions be filed within 60 days. . . . Given that the Competing Motions satisfy the PSLRA's timing requirements, the Court finds that 'refusing to consider [them] would . . . undercut the PSLRA's preference for appointing the plaintiff with the greatest financial stake in the outcome.'") (citation omitted). As such, Galipalli's motion is timely according to the statutory PSLRA deadline.

While the Federal Rules of Civil Procedure grant courts the ability to alter the time of day for deadlines by ***court order***, *see* Fed. R. Civ. P. 6(a)(4), there is no order on the docket here altering the PSLRA deadline. In the one case cited by Mogallapu in support of his position (*see* Mogallapu Opp. at 4 n.1), the court had entered an order on the docket altering the PSLRA deadline. *See Longo v. OSI Sys.*, Inc., 2018 WL 4860145, at *4 (C.D. Cal. Mar. 1, 2018) ("This Court established a deadline of 4:00 p.m. for filing electronic motions. (**Doc. No. 8 at 7**; see also Fed. R. Civ. P. 6(a)(4); L.R. 5-4.6.1).") (emphasis added). As such, *Longo* is inapposite.

And while "[a] judge may regulate practice in any manner consistent with federal law, . . . and the district's local rules," by posting Standing Orders to the Court's website, "[n]o sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case

with actual notice of the requirement." Fed. R. Civ. P. 83(b).[2]

Moreover, even if an order had been entered in this case, the unaltered midnight PSLRA deadline should govern here because Galipalli did not benefit from filing his motion after 5:00 p.m. and because Galipalli's filing has not caused a significant delay in the litigation. *See Mattel*, 2017 WL 10667732, at *3-*4 (disregarding the court-imposed 4:00 p.m. deadline because "the risk of manipulating financial loss calculations was low" and a "one hour untimeliness has not caused a significant delay in the litigation").

For these reasons, Galipalli's motion should be considered timely under the PSLRA.

### C.    Galipalli Has The Largest Financial Interest Of The Timely Movants

Of the movants that filed timely motion, Galipalli has the largest financial interest since he purchased the most shares (gross and net), expended the most funds, and has the largest loss:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Galipalli | 38,900 | 34,130 | $211,788.60 | $134,614.98 |
| Mogallapu | 14,830 | 12,750 | $150,532.00 | $121,702.13 |

While Mogallapu opposes Galipalli's motion on the false premise that Galipalli's motion is untimely, Mogallapu does not contest the fact that Galipalli has a larger financial interest. *See* Mogallapu Opp. at 4. Accordingly, Galipalli has the largest financial interest of the *bona fide* movants in the relief sought by the class, and therefore satisfies the second requirement to establish the presumption that he is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### D.    Galipalli Has Made The Required Preliminary Showing That He Satisfies The Relevant Typicality And Adequacy Requirements Of Rule 23

As illustrated in Galipalli's motion, he is adequate and typical of the class he seeks to represent. *See* Dkt. No. 13 at 7-8. In fact, Galipalli is more than adequate as he is a Salesforce Architect and a Technical Project Manager who has been managing his investments for fifteen years. *See id.* He also has a Bachelor's of Technology in Computer Science and Engineering, an MBA in

---

[2] While the Court's Standing Order does not alter the PSLRA deadline in this instance, Galipalli's failure to file his motion by 5:00 p.m. was inadvertent. Galipalli will file this document and all future documents in this action by the 5:00 p.m. deadline set in the Court's Standing Order.

Financial Accounting, an MBA in Marketing and Management Information Systems, and a Master's of Science in Project Management from Missouri State University. *See id.* As such, Galipalli satisfies the third requirement to establish the presumption that he is the most adequate plaintiff.

\*　　\*　　\*

Since Galipalli filed a timely motion, has the largest financial interest of the movants that filed timely motions, and is adequate and typical of the class, he is entitled to the PSLRA presumption that he is the most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    NO MOVANT HAS REBUTTED THE PRESUMPTION THAT GALIPALLI IS THE MOST ADEQUATE PLAINTIFF

The presumption that Galipalli is the most adequate plaintiff may be rebutted only upon "proof" that Galipalli "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Importantly, the competing movants must provide "proof" and speculative assertions are insufficient. *See Murdeshwar v. Searchmedia Holdings Ltd.*, 2010 WL 11556544, at \*1 (C.D. Cal. Dec. 15, 2010) (holding "mere speculation" was insufficient to rebut the most adequate plaintiff presumption); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) ("Speculative assertions [are] insufficient to rebut the lead plaintiff presumption.").

Here, no movant has contested Galipalli's adequacy or claimed that Galipalli is subject to any unique defenses. As such, the presumption that Galipalli is the most adequate plaintiff has not been rebutted.

### A.    The Wiegley/Abdelhady Group and Mogallapu Are Inadequate Because Their Certifications Are Deficient

Even if the Court were to consider the Wiegley/Abdelhady Group's untimely lead plaintiff motion, or Mogallapu's motion, any presumption that they are the most adequate plaintiff is rebutted because their certifications are deficient.

Rule 23-1(c) of the Northern District of California Civil Local Rules requires that: "Any party seeking to serve as lead plaintiff . . . must at the time of initial appearance state that the party

has reviewed a complaint filed in the action and either: (1) Adopts its allegations or, if not, (2) Specifies the allegations the party intends to assert."

The Wiegley/Abdelhady Group members' certifications ignore this requirement, instead just stating that they "have reviewed a Complaint against Picard Medical, Inc. . . . and authorize the filing of a motion on my behalf for appointment as lead plaintiff." Dkt. No. 18-2. Similarly, Mogallapu's certification states that he "reviewed a complaint filed in the action." Dkt. No. 7-2. Failure to comply with the Local Rule renders the Wiegley/Abdelhady Group's and Mogallapu's lead plaintiff motions incomplete, and on that basis renders them inadequate.

**B.** **Louie Is Inadequate Because She Did Not Fully Comply With The Notice Requirements Of The PSLRA As Well As The Notice Requirements Of This District**

Even if the Court were to consider Louie's untimely lead plaintiff motion, any presumption that Louie is the most adequate plaintiff is rebutted because Louie's inability to correctly publish and file a PSLRA notice demonstrates that she is inadequate. Lead Plaintiff motions in this action were due on April 6, 2026, because that is the date 60 days from publication of Louie's notice of this action. However, Louie's notices both incorrectly stated the date as April 3, 2026, and April 13, 2026, respectively. *See* Dkt Nos. 7-4, 14-1.

Not only was Louie unable to apply the Federal Rules regarding calculating the due date, Louie also failed to comply with Northern District of California Civil Local Rules for securities class actions. Rule 23-1(b) of the Northern District of California Civil Local Rules requires that "[n]ot later than 21 days after filing the complaint . . . in any action governed by the [PSLRA] the party filing that complaint and seeking to serve as lead plaintiff must serve and file a copy of any notice required by the [PSLRA]." To date, Louie has not filed the notice.

Louie's failure to sufficiently comply with the PSLRA and relevant rules renders Louie inadequate. *See McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) ("Some courts have denied motions for appointment as lead plaintiff because of the movant's failure to comply with the PSLRA notice requirements, and I am inclined to follow their

lead."). As such, even if Louie were the presumptively most adequate plaintiff (she is not) the presumption is rebutted.

*    *    *

Galipalli is the presumptively most adequate plaintiff to be appointed as lead plaintiff and the presumption has not been rebutted.

**III.    CONCLUSION**

For the foregoing reasons, Galipalli requests that the Court enter an Order: (1) appointing Galipalli as Lead Plaintiff; (2) approving Galipalli's selection of Glancy Prongay Wolke & Rotter LLP as Lead Counsel for the class; and (3) denying the competing motions.

DATED:  April 27, 2026                    Respectfully submitted,

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:    _/s/ Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

_Counsel for Lead Plaintiff Movant Praneeth Galipalli and Proposed Lead Counsel for the Class_

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On April 27, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 27, 2026, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan