UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNE LOUIE, | Case No. 26-cv-01024-RFL |
| Plaintiff, | |
| v. | **ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |
| PICARD MEDICAL, INC., et al., | Re: Dkt. Nos. 7, 13, 17, 21 |
| Defendants. | |

Julianne Louie filed this securities lawsuit against Picard Medical, Inc., its officers, and certain affiliates. She alleges that Defendants facilitated a social media pump-and-dump scheme. Now, five individuals have submitted four lead plaintiff motions under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). For the reasons stated below, Roger Wiegley and Sobhy Abdelhady are appointed as lead plaintiffs. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Notice.*** Since two notices were published regarding this case, the candidates dispute whose motions were timely. Louie published the first notice on February 3, 2026, stating that the lead plaintiff deadline was April 3. (Dkt. No. 7-4 at 2.)[1] But the PSLRA allows 60 days after the publication of the notice for proposed lead plaintiffs to file their motions, and 60 days after February 3 was actually April 4. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Since that day was a Saturday, the deadline would have been extended to April 6 under Federal Rule of Civil Procedure 6(a)(1)(C). The notice did not otherwise disclose the 60-day deadline. Louie then published a corrected notice on February 10 stating that the deadline was April 13, which is 60

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

1

days after the corrected notice with a Rule 6(a)(1)(C) adjustment.  (Dkt. No. 14-1 at 2.)

April 13 was the deadline to submit lead plaintiff motions.  Courts can deem an initial notice ineffective due to material defects.  *See Janovici v. DVI, Inc.*, No. 03-CV-04795-LD, 2003 WL 22849604, at *5–6 (E.D. Pa. Nov. 25, 2003).  Here, the first notice incorrectly stated the deadline to file a motion.  And it would be reasonable for prospective lead plaintiffs to rely on the deadline stated in the corrected notice.  Requiring candidates to verify a notice's stated deadline could lead to gamesmanship, as one can imagine an unscrupulous plaintiff intentionally misstating the deadline and then seeking to disqualify candidates who filed on the stated deadline.  Moreover, it would be at odds with the PSLRA's purposes of "diminish[ing] the risk of lawyer-driven lawsuits" and "broaden[ing] the number of plaintiffs who get involved."  *See In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002).  It makes sense to rigidly enforce the 60-day deadline in other contexts, but not in a situation where the notice was materially defective in this way.  *Cf. GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-CV-06779-RS, 2018 WL 1388488, at *3–4 (N.D. Cal. Mar. 16, 2018).

***Presumptive Lead Plaintiff.***  A "group of persons" may collectively serve as a lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  When calculating candidates' financial interests, courts generally place the most weight on "approximate losses suffered during the class period."  *Weston v. DocuSign, Inc.*, No. 22-CV-00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) (citation omitted).  It is sometimes appropriate to more heavily weigh net shares purchased, but only when a constant fraud premium can be assumed.  *Nicolow v. Hewlett Packard Co.*, No. 12-CV-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013).  As this case alleges a pump-and-dump scheme, a constant fraud premium is unlikely.

The candidates have claimed losses in the following order, from largest to smallest: (1) Roger Wiegley and Sobhy Abdelhady (considered either individually or collectively); (2) Julianne Louie;[2] (3) Praneeth Galipalli; and (4) Sudhir Mogallapu.  Wiegley and Abdelhady

---

[2] Louie filed a notice of non-opposition, recognizing that she did not appear to assert the largest financial interest but expressing continued openness to serve as lead plaintiff.  (Dkt. No. 34 at 2.)

have made a prima facie showing of adequacy and typicality.  Wiegley and Abdelhady have comparable stakes in this case and have already committed to cooperatively prosecute it on behalf of the class.  (*See* Dkt. No. 18-4 ¶¶ 2–3, 5–12, 14; *Liles v. SoundHound AI, Inc.*, No. 25-CV-02915-RFL, 2025 WL 1937541, at *2 (N.D. Cal. July 14, 2025).)  And there is no indication that they are subject to unique defenses.  Wiegley liquidated his stock on the final day of the class period but was not an in-and-out trader.  (*See* Dkt. No. 18-3; *Liles*, 2025 WL 1937541, at *2.)  Abdelhady made in-and-out trades during the class period, but he suffered his losses when he bought in at the peak and sold two days before the end of the class period.  (*See* Dkt. No. 18-3.)  Thus, his in-and-out trading does not affect his suitability to serve as lead plaintiff.

*Presumption Rebutting.*  Besides the timeliness of their motion, the only objection to Wiegley and Abdelhady serving as lead plaintiffs is that they did not state whether they adopt the complaint's allegations pursuant to Civ. L.R. 23-1(c).  That statement may be made in a party's motion.  *Homyk v. ChemoCentryx, Inc.*, No. 21-CV-03343-JST, 2022 WL 20299962, at *3 (N.D. Cal. Jan. 28, 2022).  In their motion, Wiegley and Abdelhady stated that the "complaint alleges" certain facts and went on to summarize those facts.  (Dkt. No. 17 at 3–4.)  Thus, they implicitly adopted the complaint's allegations.  That is sufficient to comply with Civ. L.R. 23-1(c).

*Conclusion.*  Roger Wiegley and Sobhy Abdelhady are appointed as lead plaintiffs.  Their counsel, The Rosen Law Firm, P.A., has significant securities litigation experience and is appointed as lead counsel.  *See Cavanaugh*, 306 F.3d at 734.  Lead Plaintiffs are reminded that pursuant to Judge Lin's Civil Standing Order, they must file a chart summarizing the information required by 15 U.S.C. § 78u-4(b)(1) and (2) within 14 days of serving a consolidated complaint.

**IT IS SO ORDERED.**

Dated: May 15, 2026

RITA F. LIN
United States District Judge